UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BRADY, | No. 2:21-cv-0489 AC P |
| Plaintiff, | |
| v. | ORDER |
| SCOTT JONES, et al., | |
| Defendants. | |

  Plaintiff, a county inmate proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 5. In support of the motion, plaintiff states among other things that he is unable to afford counsel, that the issues in his case are complex, that he has limited access to the jail's law library, and that he has limited knowledge of the law. See id. at 1.

  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th

Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

A general review of plaintiff's complaint as well as of the instant motion indicates that plaintiff is able to articulate his grievances and concerns in a clear and concise manner. See generally ECF No. 1 at 1-11. For these reasons, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 5) is DENIED.

DATED: April 20, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE