UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BRADY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT JONES, et al.,<br><br>　　　　　Defendants. | No. 2:21-cv-00489 AC<br><br><br>ORDER |

Plaintiff, a pretrial detainee proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

   II.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

Plaintiff is a federal pretrial detainee being held in the Sacramento County Jail, who challenges the conditions of his confinement at the jail. The undersigned takes judicial notice of the fact that plaintiff is charged in Case No. 2:19-cr-00107 KJM with participation in a racketeering conspiracy that involved murder and drug distribution.[1] It is a potentially capital prosecution. The government has alleged that plaintiff is an Aryan Brotherhood member who, while a state prison inmate, murdered another prisoner as part of the conspiracy. Plaintiff was transferred from the custody of the California Department of Corrections and Rehabilitation to the custody of the U.S. Marshal for purposes of the present federal prosecution. The USMS contracts with Sacramento County for the housing of federal pretrial detainees at the county jail.

The complaint presents ten claims, which are detailed below. Plaintiff challenges several conditions of his confinement—placement in an "extreme isolation" unit without a hearing, denial of outdoor recreation, frequent cell moves, and unsanitary conditions—and alleges that he has been denied adequate access to his lawyers. Plaintiff names eight defendants: Sacramento County Sheriff Scott Jones; Undersheriff Erik Maness; Jail Commander Brandon Luke; Intelligence Lt. Shaun Hamptun; Intelligence Sgt. Saika; Intelligence Sgt. Villanueva; Donald

---

[1] See Fed. R. Evid. 201(b). It is well established that a court may take judicial notice of its own records. See United States v. Author Servs., Inc., 804 F.2d 1520, 1523 (9th Cir. 1986).

3

Washington, Director of the U.S. Marshal Service; and Acting U.S. Marshal Laysha Boyden. The complaint also lists Does 1-15 as defendants, ECF No. 1 at 1, 6, but contains no factual allegations referencing any Does.

IV. Failure to State a Claim

A. Overarching Defects

1. Federal Officers Cannot be Liable Under 42 U.S.C. § 1983

42 U.S.C. § 1983 provides a cause of action for constitutional violations committed by persons acting under color of state law; section 1983 claims do not lie against persons who are not acting on behalf of the state. West v. Atkins, 487 U.S. 42, 58 (1988). For this reason, § 1983 does not provide a cause of action for constitutional violations committed by federal officials. Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1988). Accordingly, all claims fail against defendants Washington and Boyden. Amendment of any § 1983 claim against officials of the USMS would be futile.[2]

2. Improper Doe Defendants

Inclusion of "Doe" defendants is generally disfavored in the Ninth Circuit. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where a claim for relief has been adequately pleaded against a Doe defendant, it may proceed subject to future amendment to substitute the true name for a fictitiously named defendant. See Merritt v. County of Los Angeles, 875 F.2d 765 (9th Cir. 1989). Here, the claims against the Doe defendants are inadequate to proceed because the complaint does not identify specific acts by any Doe that allegedly violated the plaintiff's rights. Accordingly, the complaint fails to meet the notice requirements of Rule 8(a), Federal Rules of Civil Procedure, as to the Doe defendants. See

---

[2] The U.S. Supreme Court recognized a limited cause of action against federal officials for civil rights violations in Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). Bivens claims are generally limited to alleged violations of the Fourth Amendment and inadequate medical care in violation of the Eighth Amendment; the Supreme Court has also recognized the availability of Bivens to seek redress for gender discrimination in violation of the Fifth Amendment. Ziglar v. Abbasi, 137 S. Ct. 1843, 1854 (2017). Further extensions of Bivens are disfavored. Id. at 1857. None of plaintiff's allegations suggest a cognizable Bivens claim. Nor has plaintiff alleged any facts showing that the U.S. Marshal or any member of the USMS caused any of the conditions of which plaintiff complains.

Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir.1982).

### 3. Lack of Factual Allegations as to Individual Defendants

To establish the liability of any defendant, plaintiff must plead facts demonstrating how the specific acts or omissions of that person caused the alleged constitutional violation(s). See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). None of the claims in the complaint specify who was responsible for the challenged conditions or deprivations of rights. Plaintiff will be given the opportunity to amend the complaint in order to clarify which defendant caused which alleged violation(s), and how.

### 4. Lack of Factual Allegations as to Unconstitutional Policies

To the extent that plaintiff's theory of liability as to any claim rests on the existence of a county policy or custom, see Monell v. Department of Social Services, 436 U.S. 658, 694 (1978), he must allege what the policy is and how it caused the violation of his rights. See City of Canton v. Harris, 489 U.S. 378, 385 (1989) (requiring "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."). Because plaintiff may be able to specify the policy or policies that allegedly caused the violations of his rights, he will be granted leave to amend.

### 5. Rights of Pretrial Detainees Generally, and Applicable Pleading Standards

The rights of pretrial detainees are grounded in the Due Process Clause. Bell v. Wolfish, 441 U.S. 520, 545 (1979); Pierce v. County of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008). Detainees have a substantive due process right against restrictions that amount to punishment. Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002) (citing United States v. Salerno, 481 U.S. 739, 746 (1987)). "For a particular governmental action to constitute punishment, (1) that action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental action must be to punish the detainee." Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004) (citing Bell, 441 U.S. at 538). "Unless there is evidence of intent to punish, then those conditions or restrictions that are reasonably related to legitimate penological objectives do not violate a pretrial detainee's right to be free from punishment." Hatter v. Dyer, 154 F. Supp. 3d 940, 945 (C.D. Cal. 2015) (citing Block v. Rutherford, 468 U.S. 576, 584 (1984)).

In the first step of this inquiry, "the harm or disability . . . must either significantly exceed, or be independent of, the inherent discomforts of confinement." Id. at 1030 (citing Bell, 441 U.S. at 537). To determine punitive intent, courts "first examine whether the restriction is based upon an express intent to inflict punishment." Valdez, 302 F.3d at 1045 (citing Salerno, 481 U.S. at 746). Courts "next consider whether punitive intent can be inferred from the nature of the restriction. This determination . . . will generally turn upon 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether [the restriction] appears excessive in relation to the alternative purpose assigned [to it].'" Id. (citing Bell, 441 U.S. at 539) (brackets in original).

As to any condition of confinement alleged to be unconstitutional, plaintiff must plead facts that demonstrate both (1) harm to plaintiff and (2) an intent to punish plaintiff, rather than a legitimate penological rationale, motivating the challenged action or restriction. He has not done so in the complaint before the court. Conclusory allegations regarding intent are insufficient. See Iqbal, 556 U.S. at 678. At a minimum plaintiff must state facts which, accepted as true, support an inference of punitive effect and intent as to any particular condition he challenges.

### B. Claim One: Placement in Isolation Unit

Claim One alleges that plaintiff has "arbitrarily" been housed since his transfer to the jail in an extreme isolation unit where he remains in his cell for 22 hours a day. Plaintiff did not receive notice or an opportunity to be heard in relation to his placement in total isolation. ECF No. 1 at 2, 8. The introduction to the complaint, id. at 2, indicates that plaintiff is housed in the jail's Total Separation Unit.[3] Conditions in this unit are "much worse than is normal for prisoners." Id. at 8.

A pretrial detainee may not be subjected to disciplinary segregation as punishment for violation of jail rules and regulations without notice and a hearing. See Mitchell v. Dupnik, 75

---

[3] The Total Separation Unit "is reserved for inmates that present a high security risk, such as inmates accused of notorious crimes, inmates who have demonstrated an unwillingness to follow facility rules, inmates that have been violent with others, and inmates that may be targets of violence by other inmates. . . . Inmates in the Total Separation Unit are housed in a cell alone and separated from all other inmates." Harlan v. County of Sacramento, Case No. 2:16-cv-02400-JAM, ECF No. 21 at 2, 2018 U.S. Dist. LEXIS 53773 *1-2 (E.D. Cal. March 29, 2018).

F.3d 517, 523-26 (9th Cir. 1996). Plaintiff's restricted housing status, however, is not alleged to be a punitive response to violation of jail rules. He affirmatively alleges to the contrary. ECF No. 1 at 7.

To the extent that plaintiff was assigned to the Total Separation Unit on the basis of his classification status, his claim falters. The Ninth Circuit has held that pretrial detainees have "no constitutional right to a particular classification status." Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987). Jails may take measures to maintain institutional security and preserve internal order, even when such measures infringe on specific constitutional guarantees; such measures "must be evaluated in the light of the central objective of prison administration, safeguarding institutional security." Bell, 441 U.S. at 546-547; see also Salerno, 481 U.S. at 747 (there is no constitutional infringement if restrictions are "but an incident of some other legitimate government purpose.").

To state a claim for violation of his Fourteenth Amendment rights by placement in the Total Separation Unit, plaintiff must show that his housing classification (1) has caused him to suffer harm or disability, and (2) the purpose of the classification was to punish him. See Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004) (citing Bell, 441 U.S. at 538). Plaintiff will be given the opportunity to amend.

    C. Claim Two: Denial of Confidential Legal Visits

The complaint alleges in conclusory terms that defendants have violated and continue to violate plaintiff's Sixth Amendment right to meet and confer with counsel in a confidential setting. ECF No. 1 at 2, 8. Plaintiff alleges that there is one visiting booth for detainees in the Total Separation Unit, and that all conversations inside and outside the booth can be clearly overheard. Id. at 7.

Sixth Amendment rights are trial rights. See Martinez v. Court of Appeal, 528 U.S. 152, 160-61 (2000). The Ninth Circuit has never recognized a cognizable claim for damages under § 1983 for restrictions on the attorney-client relationship in alleged violation of the Sixth

////

////

Amendment.[4] The constitutional right of access to courts, however, see Bounds v. Smith, 430 U.S. 817, 821 (1977), includes legal visitation and confidential communications with counsel. Ching v. Lewis, 895 F.2d 608, 610 (9th Cir. 1990); Hydrick v. Hunter, 500 F.3d 978, 999 (9th Cir. 2007) (overruled on other grounds). This right is not absolute; like other rights of pretrial detainees, visits may be denied or limited for legitimate reasons. See Block, 468 U.S. at 585-89; Salerno, 481 U.S. at 747. To state a denial of access claim, the plaintiff must state facts showing that he suffered an actual injury—that the defendants' actions "hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996). Because there are no such factual allegations here, plaintiff has failed to state a claim for relief.

Moreover, the complaint does not adequately describe the conditions under which legal visits have taken place. Plaintiff's allegations suggest that he is provided a private visiting both; facts showing an actual breach of confidentiality are missing. The court therefore cannot determine whether plaintiff's rights have been or are being violated. Plaintiff will be granted leave to amend.

### D. Claim Three: Recording of Attorney-Client Conversations

The complaint summarily alleges that plaintiff's Sixth Amendment and privacy rights have been violated by the recording of four confidential legal visits. ECF No. 1 at 2, 9. No details are provided.

As with Claim Two, plaintiff has not presented facts demonstrating the violation of his rights. Plaintiff will be permitted to amend.

### E. Claim Four: Denial of Confidential Legal Phone Calls

Plaintiff alleges that he must use a common area telephone in a non-confidential setting for his legal calls, in violation of his Sixth Amendment rights. ECF No. 1 at 7, 9. As noted above, while jails may not entirely preclude confidential attorney-client communication, some

---

[4] In an unpublished case, the Court of Appeals has relied on Martinez to reject alleged Sixth Amendment violations as the basis for a cognizable claim under § 1983. Devon v. Roe, 81 Fed. Appx. 147, 2003 U.S. App. LEXIS 23201 (9th Cir. 2003). The absence of authority for the right asserted by plaintiff would support dismissal at the screening stage on grounds of qualified immunity. See Chavez v. Robinson, 817 F.3d 1162, 1169 (9th Cir. 2016) (district court may dismiss § 1983 complaint sua sponte and pre-service on grounds of qualified immunity).

infringements can be justified on security grounds. The complaint does not contain enough facts to determine whether plaintiff's telephone access satisfies constitutional standards. Plaintiff may amend.

F. Claim Five: Frequent Cell Moves and Potential Related COVID-19 Exposure

The complaint alleges that since June 2020, plaintiff has been moved to a different cell no less than three times per month, and that these moves have increased his risk of exposure to COVID-19. ECF No. 1 at 2, 9. Plaintiff contends that the cell moves reflect deliberate indifference to his safety. Id. at 9.

To state a claim for deliberate indifference under the Fourteenth Amendment, plaintiff must allege facts showing that (1) defendant(s) made an intentional decision with respect to the conditions of plaintiff's confinement; (2) those conditions exposed plaintiff to a "substantial risk of serious harm"; (3) defendant(s) did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved; and (4) by not taking those measures, defendant(s) caused plaintiff's injuries. Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016), cert. denied, 137 S. Ct. 831 (2017). The allegations of the complaint do not satisfy this standard. Among other things, the complaint lacks allegations establishing a substantial risk of serious harm or injury to plaintiff from the cell moves. Speculative future harm is insufficient. Plaintiff will be allowed to amend.

G. Claim Six: Denial of Outside Exercise

The complaint alleges in conclusory fashion that plaintiff's Eighth Amendment rights have been violated by the failure to provide outdoor recreation. ECF No. 1 at 9. Plaintiff explains that he has not been allowed outside since October of 2020. Id. at 8. Elsewhere he alleges that he is confined to his cell for 22 hours a day; he does not say whether he is provided the opportunity to exercise during the two hours each day that he is out of his cell.

In the prison context, exercise is one of the basic human necessities protected by the Eighth Amendment. See LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993). Some form of regular exercise, including outdoor exercise, "is extremely important to the psychological and physical well-being" of inmates. See Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979). But

restrictions on exercise for security reasons do not violate the Constitution. See, e.g., LeMaire, 12 F.3d at 1458 (upholding long-term denial of outdoor exercise to prisoner posing serious security risk who can exercise in his cell).[5] Plaintiff has not pled facts showing that limitations on his exercise opportunities exceed those limitations that are permissible for security or other legitimate purposes. Nor has he alleged facts demonstrating punitive intent. See Demery, 378 F.3d at 1029. Plaintiff will be granted leave to amend.

        H. Claim Seven: Unsanitary Conditions

Plaintiff alleges that his right to be free from unsanitary conditions has been and is being violated. ECF No. 1 at 10. No unsanitary conditions are described. Plaintiff alleges only that he is deprived of "adequate hygenic supplies with which to sanitize his immediate environment." ECF No. 1 at 10.

Unsanitary conditions can, when severe enough, violate the Eighth Amendment rights of convicted prisoners by rising to level of cruel and unusual punishment, or violate the Fourteenth Amendment rights of pretrial detainees by rising to the level of punishment. See Anderson v. County of Kern, 45 F.3d 1310, 1314, as amended, 75 F.3d 448 (9th Cir. 1995); Martino v. Carey, 563 F. Supp. 984, 999-1000 (D. Or. 1983). Because the complaint before the court does not describe the allegedly unsanitary conditions to which plaintiff is exposed, it is impossible to determine whether such conditions plausibly rise to the level of a constitutional violation. Plaintiff will be granted leave to amend.

        I. Claim Eight: Unsafe Conditions

The complaint alleges that plaintiff's right to safety is violated by housing in a cell that is padlocked from the outside and can only be opened manually with a key. ECF No. 1 at 7, 10. Plaintiff alleges in conclusory terms that this creates extreme fire, health and safety hazards. Id. at 10.

---

[5] Although LaMaire is an Eighth Amendments case regarding the rights of convicted prisoners to be free of punishment that is "cruel and unusual," and plaintiff here is a pretrial detainee who may not be punished, the same principle applies. To state a claim, plaintiff must plead facts showing that the denial of outdoor exercise rises to the level of punishment and is not a permissible "regulatory restraint" justified by security considerations. See Bell, 441 U.S. at 537.

To state a claim that his constitutional rights are violated by an unsafe condition, plaintiff must plead facts establishing that (1) defendant(s) made an intentional decision with respect to the conditions of plaintiff's confinement; (2) those conditions exposed plaintiff to a "substantial risk of serious harm"; (3) defendant(s) did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved; and (4) by not taking those measures, defendant(s) caused plaintiff's injuries. Castro, 833 F.3d at 1071. The complaint does not state such facts. In particular, plaintiff's conclusory allegation regarding the risk of harm is insufficient. Plaintiff may amend.

### J. Claim Nine: Harassment

Plaintiff alleges that the "random and arbitrary" cell moves he has experienced lack penological justification and "can only be viewed as a tailored scheme by defendants to harass plaintiff." ECF No. 1 at 10. The moves happen in relation to body scans that plaintiff undergoes. Id. at 8. After being removed from his cell and escorted to the "intake floor" for a scan, plaintiff is put into a different cell that has not been sanitized. Id.

Harassment alone does not violate an inmate's constitutional rights. See, e.g., Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Austin v. Terhune, 367 F.3d 1167, 1171-72 (9th Cir. 2004). The complaint does not allege that the moves are motivated by any constitutionally prohibited consideration. See Freeman v. Arpaio, 125 F.3d 732, 738 n.6 (9th Cir. 1997) (harassment directed at an inmate's religion, though insufficient to state a constitutional violation itself, may be considered as evidence of unconstitutional discrimination).

### K. Claim Ten: Totality of Conditions

The complaint alleges that the combined effects of the conditions described in the complaint violate plaintiff's constitutional rights. ECF No. 1 at 11.

This claim provides no cognizable basis for relief. There is no "cumulative error" liability under Section §1983. Should plaintiff include this claim in an amended complaint, it will be disregarded as surplusage.

### L. The Complaint Will Not Be Served

For the reasons explained above, the facts alleged in the complaint fail to state any claim

11

for which relief may be granted against any defendant. Accordingly, the complaint is subject to summary dismissal under 28 U.S.C. § 1915A. Because the court cannot conclude that amendment would be futile, plaintiff will be given the opportunity to amend.

V. Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The complaint will not be served because the facts you have alleged are not enough to state a claim for relief. The problems with each specific claim are explained above. In general,

the Eighth Amendment does not apply because you are a pretrial detainee. To challenge any condition of your confinement, you must state facts showing (1) that the condition is harming you and (2) that you are being subjected to it in order to punish you rather than for reasons of jail security. Also, for each claim you must specify which defendant(s) are responsible and what they did or didn't do that caused the violation of your rights. If you are challenging a jail policy, you need to say what the policy is and how it has been applied to you.

You may file an amended complaint. If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims not in the first amended complaint will not be considered.**

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith.

3. Plaintiff's complaint has been screened pursuant to 28 U.S.C. § 1915A and found not to state a claim for relief.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

////

////

////

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: May 11, 2021

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE