UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BRADY,<br><br>    Plaintiff-Appellant,<br><br>    v.<br><br>SCOTT JONES, Sheriff, et al.,<br><br>    Defendants-Appellees, | No. 2:21-cv-00489-TLN-AC<br><br>Ninth Circuit Case No. 21-16386<br><br>**ORDER FINDING APPEAL FRIVOLOUS AND REVOKING IN FORMA PAUPERIS STATUS** |

    This is a closed federal civil rights action. Plaintiff Patrick Brady ("Plaintiff"), a federal pretrial detainee being held in the Sacramento County Jail, appeals to the Ninth Circuit Court of Appeals this Court's dismissal of his action without leave to amend. (ECF No. 25.) The Ninth Circuit referred the matter to this Court for a determination of whether Plaintiff's *in forma pauperis* ("IFP") status "should continue for this appeal or whether the appeal is frivolous or taken in bad faith." (ECF No. 28.) The Court determines that Plaintiff's IFP status should not continue.

    "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "The test for allowing an appeal *in forma*

1  *pauperis* is easily met . . . [t]he good faith requirement is satisfied if the [appellant] seeks review
2  of any issue that is 'not frivolous.' " *Gardner v. Pogue*, 558 F.2d 548, 550–51 (9th Cir. 1977)
3  (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)); *see also Hooker v. Am. Airlines*,
4  302 F.3d 1091, 1092 (9th Cir. 2002) (noting that an appeal is taken in "good faith" if it seeks
5  review of "non-frivolous" issues and holding that if at least one issue or claim is non-frivolous,
6  the appeal must proceed IFP as a whole). An action is frivolous "where it lacks an arguable basis
7  either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, the term
8  "frivolous," as used in § 1915 and when applied to a complaint, "embraces not only the
9  inarguable legal conclusion, but also the fanciful factual allegation." *Id.*

10  As thoroughly detailed by the magistrate judge in the June 24, 2021 findings and
11  recommendations and subsequently adopted by this Court on August 6, 2021, Plaintiff's
12  complaint was frivolous. (ECF No. 23 (adopting in full the findings and recommendations at
13  ECF No. 20).) More specifically, Plaintiff's claims failed as a matter of law and amendment
14  would be futile because: (1) Plaintiff alleges facts showing a legitimate government purpose for
15  his placement in a total separation unit, which is fatal to his due process claim; (2) Plaintiffs'
16  second and third claims are not ripe; and (3) the nature of the purported dangers specified in
17  Plaintiff's deliberate indifference claim are indisputably speculative. (*See* ECF No. 20 at 6–9.)
18  In sum, there are no valid grounds on which an appeal can be based, given that none of the
19  arguments Plaintiff made to this Court would be non-frivolous if made again on appeal.

20  Based on the record before it, the Court finds and certifies that any appeal taken from its
21  August 6, 2021 Order dismissing Plaintiff's action (ECF No. 23) is frivolous and not taken in
22  good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A); *Hooker*, 302 F.3d at 1092;
23  *Neitzke*, 490 U.S. at 325. Accordingly, Plaintiff's IFP status is hereby REVOKED.

24  The Clerk of the Court is directed to notify Plaintiff and the Ninth Circuit of this Order
25  forthwith. *See* Fed. R. App. P. 24(a)(4). Plaintiff may file a motion for leave to proceed IFP on
26  appeal in the Ninth Circuit within thirty (30) days after service of notice of this Order. *See* Fed.
27  ///
28  ///

R. App. P. 24(a)(5). Any such motion "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action." *Id.*

IT IS SO ORDERED.

Dated:  September 7, 2021

                                  Troy L. Nunley
                                  United States District Judge