UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BRADY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT JONES, et al.,<br><br>　　　　Defendants. | No. 2:21-cv-0489 TLN AC P<br><br><br>ORDER |

Plaintiff, a former pretrial detainee[1] proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 38. In support of the motion, plaintiff states in part that the case is complex; that he has limited knowledge of the law; that his housing situation is dire, and that he is currently locked up in administrative segregation with very limited access to the prison law library. Id. at 1-4.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

---

[1] Plaintiff was a pretrial detainee when he filed the instant action (see ECF No. 1 at 1), and is currently incarcerated at California State Prison – Sacramento (see ECF No. 37).

1

     The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Furthermore, to date, plaintiff has filed documents in this case which indicate that he has a sufficient enough understanding of the issues in it to continue to manage it adequately as a pro se litigant. See, e.g., ECF Nos. 6, 14, 16, 26 (plaintiff's filing of preliminary injunction motion; extension of time request; first amended complaint, and appeal to Ninth Circuit, respectively). Therefore, in the present case, the court does not find the required exceptional circumstances.

     Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 38) is DENIED.

DATED: July 19, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE