1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PATRICK BRADY,                          No.  2:21-cv-00489 TLN AC

12              Plaintiff,

13        v.                                 ORDER

14   SCOTT JONES, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

18   action filed pursuant to 42 U.S.C. § 1983.  Currently pending before the court are defendants'

19   motion to compel discovery responses and plaintiff's motion to retake his deposition.  ECF Nos.

20   54-55.  The court will address each motion in turn.

21        This case is proceeding on various First, Sixth and Fourteenth Amendment claims against

22   defendants Jones, Luke, Hampton, Pfau, Saika, and Meeks that arose while plaintiff was housed

23   at the Sacramento County Main Jail.  See ECF No. 40 (screening order).  A Discovery and

24   Scheduling Order was issued on December 1, 2023 which set the discovery cut-off date as July 1,

25   2024.  ECF No. 50.

26   **I.     Defendants' Motion to Compel**

27        A.  Background

28   Defendants filed a motion to compel responses to their special interrogatories and requests

1

1   for production of documents on April 1, 2024.  ECF No. 54.  In their motion to compel,

2   defendants indicate that they timely served interrogatories and requests for production of

3   documents on plaintiff on December 18, 2023.[1]  ECF No. 54.  Plaintiff's responses to the

4   propounded discovery were due by February 5, 2024.  ECF No. 54.  However, plaintiff did not

5   submit any response to defendants' discovery requests.  As a result, defendants request that the

6   court compel plaintiff to answer their interrogatories and requests for production without

7   objections.  ECF No. 54.

8         Plaintiff has not filed an opposition to defendants' motion to compel and the time for

9   doing so has expired.

10              2.   Discussion

11         Based on plaintiff's complete failure to respond to defendants' discovery requests, the

12   court will grant the motion to compel.  Plaintiff initiated this lawsuit and he is obligated to

13   comply with the applicable Federal Rules of Civil Procedure and Local Rules of this court by

14   responding to defendant's discovery requests to the best of his ability.  See Hartline v. Nat'l

15   Univ., No. 2:14-cv-00635 KJM AC, 2018 WL 1014611, at *4 (E.D. Cal. Feb. 22, 2018)

16   (emphasizing that even pro se parties have a duty to comply with discovery obligations).

17   Plaintiff's complete failure to respond to defendant's discovery requests, and his failure to oppose

18   defendant's motion, mean that he has waived any objections to the discovery requests and will be

19   ordered to respond.  Plaintiff must answer each interrogatory fully in writing under oath.  See

20   Fed. R. Civ. P. 33(b)(3).  While extensive research is not required, a reasonable effort to respond

21   must be made and reasonableness is determined by the size and complexity of the case and the

22   resources that a responding party has available to put to the case.  L.H. v. Schwarzenegger, No.

23   S–06–2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sept. 21, 2007) (citation omitted).

24   Plaintiff has not made any effort, much less a reasonable one, to respond to defendants'

25   interrogatories in this case.  In addition, plaintiff must produce all documents in his possession,

26

27   [1] Defendants' request for admissions were automatically deemed admitted pursuant to Rule
    36(a)(3) of the Federal Rules of Civil Procedure after plaintiff failed to answer them.  As a result,

28   the requests for admissions are not a part of defendants' motion to compel.

custody or control that are responsive to defendant's request for production of documents.  See Fed. R. Civ. P. 34(a)(1).  Defendant may move to dismiss this action pursuant to Rule 41(b) if plaintiff fails to comply with this order.

## II.       Plaintiff's Motion to Retake Deposition

Without addressing the pending motion to compel, plaintiff filed a separate motion to retake his deposition.  ECF No. 55.  Several weeks later, however, plaintiff, filed a motion to quash his own motion because he made the necessary corrections to his deposition.  ECF No. 58. The court will construe plaintiff's "motion to quash" as a request to withdraw the motion at ECF No. 55.  So construed, the motion at ECF No. 58 will be granted.

## III.      Scheduling

In light of plaintiff's total failure to respond to defendant's discovery requests, the court finds good cause to modify the discovery and scheduling order in this case.  Defendants' motion demonstrates that they have been diligent in seeking the necessary information.  Based on good cause shown, the discovery and dispositive motions deadlines will be extended as indicated below.

## IV.      Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

Based on your failure to respond to the defendants' discovery requests, the court is granting defendants' motion to compel.  You have 30 days from the date of this order to serve your responses to defendants' discovery requests which were served on you in December 2023.

If you do not provide responses to defendants' discovery requests, you will be subject to sanctions, including the possible dismissal of this case.  The deadlines for filing motions to compel and dispositive motions in this case are also being extended.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' unopposed motion to compel (ECF No. 54) is granted.  Within 30 days from the date of this order, plaintiff shall serve responses to defendant's Interrogatories, Set One

1    and Request for Production of Documents, Set One, without objections, on defendants' counsel.

2    Plaintiff is cautioned that failure to comply with this court's order compelling discovery may

3    result in further sanctions including the dismissal of this case.

4         2.  The Discovery and Scheduling Order is hereby modified to extend the discovery

5    deadline, including all motions to compel discovery, to **August 26, 2024**.  The deadline for filing

6    dispositive motions is extended to **November 25, 2024**.

7         3.  All other provisions of the December 1, 2023 Discovery and Scheduling Order remain

8    in effect.

9         4.  Plaintiff's motion (ECF No. 58) to withdraw his previously filed motion to retake his

10   deposition is granted.

11        5.  Plaintiff's motion to retake his deposition (ECF No. 55) is deemed withdrawn.

12   DATED: June 26, 2024

13

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4