UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BRADY, | No. 2:21-cv-0489 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| SCOTT JONES, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Pending before the court is plaintiff's request for copies of any and all filings in this action subsequent to his transfer to FCI Victorville in June 2025. ECF No. 73. Plaintiff's declaration in support of this request, in pertinent part, states the following: he has no access to a law library with "adequate means for him to litigate" this action; the mail at FCI Victorville takes months to arrive; and he recently discovered there are filings in this action that were filed in Octboer 2025, which he has not received. Id. at 2.

The court construes plaintiff's request as a request for copies of the October 2025 filings and an extension of time to respond. These requests will be granted. The court will re-serve the October 7, 2025, findings and recommendations, order defendants to re-serve their objections,

1

and provide plaintiff until February 20, 2026, to file any objections.

Because plaintiff makes assertions regarding the inadequacy of his access to the law library at FCI Victorville, the court informs plaintiff of the following. To the extent he seeks relief on this issue, relief is unavailable to him in this action for two reasons. First, there is no nexus between the substance of the claims raised in the underlying complaint (involving conditions of plaintiff's previous confinement at Sacramento Main Jail) and a claim regarding the adequacy of access to the law library at a different facility—FCI Victorville. See Pacific Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015) (absent such nexus, the district court lacks authority to grant injunctive relief). Second, the court lacks personal and subject matter jurisdiction over the Board of Prison (BOP) officials responsible for plaintiff's present conditions of confinement. A "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983). Plaintiff's current custodian is not a party to this lawsuit, so the court lacks jurisdiction over that custodian. Accordingly, if plaintiff wants to pursue a claim based on the inadequacy of his access to the law library at FCI Victorville, which is a First Amendment access to courts claim, he must file *another* lawsuit in the proper district court—in this case, the Central District of California.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request (ECF No. 73) is construed as a request for copies of the October 2025 filings and an extension of time to respond to those filings, and is GRANTED.
2. The Clerk of the Court is directed to re-serve plaintiff with the undersigned's October 7, 2025, order and findings and recommendation (ECF No. 71).
3. Defendants shall re-serve plaintiff with a copy of Defendants' Objections to the Findings and Recommendations (ECF No. 72).
4. Plaintiff has until February 20, 2026, to file written objections to the magistrate judge's October 7, 2025, findings and recommendations. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised

1  that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: December 22, 2025

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE